1  BORIS FELDMAN, State Bar No. 128838
   Email: boris.feldman@wsgr.com
2  IGNACIO E. SALCEDA, State Bar No. 164017
   Email: isalceda@wsgr.com
3  WILSON SONSINI GOODRICH & ROSATI
   Professional Corporation
4  650 Page Mill Road
   Palo Alto, CA 94304-1050
5  Telephone:  (650) 493-9300
   Facsimile:  (650) 565-5100
6

7  *Attorneys for Defendants Snap Inc., Evan*
   *Spiegel, Robert Murphy, Andrew Vollero,*
8  *Joanna Coles, A.G. Lafley, Mitchell Lasky,*
   *Michael Lynton, Stanley Meresman, Scott D.*
9  *Miller, and Christopher Young*

10

11
                    UNITED STATES DISTRICT COURT
12                  NORTHERN DISTRICT OF CALIFORNIA

13  JOSEPH IUSO,                                    Case No.   17-cv-04806

14                         Plaintiff,               **CLASS ACTION**

15  vs.
                                                    **EXHIBITS B AND C TO THE**
16  SNAP, INC., EVAN SPIEGEL, ROBERT                **NOTICE OF REMOVAL OF**
    MURPHY, ANDREW VOLLERO, JOANNA                  **STATE COURT ACTION**
17  COLES, A.G. LAFLEY, MITCHELL LASKY,             **(DOCKET NO. 1)**
    MICHAEL LYNTON, STANLEY
18  MERESMAN, SCOTT D. MILLER,
    CHRISTOPHER YOUNG, MORGAN
19  STANLEY & CO. LLC, GOLDMAN, SACHS
    & CO., J.P. MORGAN SECURITIES LLC,
20  DEUTSCHE BANK SECURITIES INC.,
    BARCLAYS CAPITAL INC., CREDIT
21  SUISSE SECURITIES (USA) LLC, ALLEN &
    COMPANY LLC, BTIG, LLC, C.L. KING &
22  ASSOCIATES, INC., CITIGROUP GLOBAL
    MARKETS INC., CONNAUGHT (UK)
23  LIMITED, COWEN AND COMPANY, LLC,
    EVERCORE GROUP, LLC,
24  JEFFERIES LLC, JMP SECURITIES LLC,
    LIONTREE ADVISORS LLC,
25  LUMA SECURITIES LLC, MISCHLER
    FINANCIAL GROUP, INC., OPPENHEIMER
26  & CO. INC., RBC CAPITAL MARKETS, LLC,
27

28

SAMUEL A. RAMIREZ & CO., INC., STIFEL
FINANCIAL CORP., SUNTRUST ROBINSON
HUMPHREY, INC., THE WILLIAMS
CAPITAL GROUP, L.P., UBS SECURITIES
LLC, And WILLIAM BLAIR & COMPANY,
LLC,

                    Defendants.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT B

No. 15-1439

# In the Supreme Court of the United States

———

CYAN, INC., ET AL., PETITIONERS

*v.*

BEAVER COUNTY EMPLOYEES RETIREMENT FUND, ET AL.

———

*ON PETITION FOR A WRIT OF CERTIORARI
TO THE COURT OF APPEAL OF THE STATE OF CALIFORNIA,
FIRST APPELLATE DISTRICT*

———

**BRIEF FOR THE UNITED STATES AS AMICUS CURIAE**

———

JEFFREY B. WALL
  *Acting Solicitor General
    Counsel of Record*
MALCOLM L. STEWART
  *Deputy Solicitor General*
ELAINE J. GOLDENBERG
  *Assistant to the Solicitor
    General*

*Department of Justice
Washington, D.C. 20530-0001
SupremeCtBriefs@usdoj.gov
(202) 514-2217*

## QUESTION PRESENTED

Whether state courts lack subject matter jurisdiction over "covered class actions," 15 U.S.C. 77v(a), that allege only claims under the Securities Act of 1933.

(I)

## TABLE OF CONTENTS

Page

Interest of the United States........................................................ 1

Statement .................................................................................. 1

Discussion:

    A.    Sections 77p(b) and 77v(a) allow state-court
          jurisdiction over 1933 Act suits ................................... 6

    B.    Section 77p(c) authorizes removal to federal court
          of covered class actions that are brought under
          the 1933 Act and allege the types of misconduct
          that are described in Section 77p(b) .......................... 13

    C.    This is an appropriate vehicle for resolving
          confusion in the lower courts ..................................... 17

Conclusion .................................................................................. 22

## TABLE OF AUTHORITIES

Cases:

*Bandini Petroleum Co.* v. *Superior Court*,
    284 U.S. 8 (1931) ..................................................... 20

*Electrical Workers Local #357* v. *Clovis Oncology,
    Inc.*, 185 F. Supp. 3d 1172 (N.D. Cal. 2016) .............. 16, 17

*Fisher* v. *District Court*, 424 U.S. 382 (1976) .................... 21

*Fortunato* v. *Akebia Therapeutics, Inc.*,
    183 F. Supp. 3d 326 (D. Mass. 2016) ................................. 17

*Foster* v. *Chatman*, 136 S. Ct. 1737 (2016) .......................... 21

*Gunn* v. *Minton*, 133 S. Ct. 1059 (2013) .............................. 11

*Gustafson* v. *Alloyd Co.*, 513 U.S. 561 (1995) ....................... 4

*Herb* v. *Pitcairn*, 324 U.S. 117 (1945) ................................. 21

*Hung* v. *iDreamSky Tech. Ltd.*,
    No. 15-cv-2514, 2016 WL 299034 (S.D.N.Y. 2016) ........... 17

*Iron Workers Dist. Council of New England
    Pension Fund* v. *MoneyGram Int'l, Inc.*,
    No. 15-402, 2016 WL 4585975 (D. Del. 2016) .................. 17

(III)

IV

Cases—Continued:                                                    Page

*Kircher* v. *Putnam Funds Trust*,
   547 U.S. 633 (2006).................................................. 12, 15, 16

*Knox* v. *Agria Corp.*, 613 F. Supp. 2d 419
   (S.D.N.Y. 2009) ...................................................................... 17

*Luther* v. *Countrywide Fin. Corp.*,
   125 Cal. Rptr. 3d 716 (Ct. App.),
   cert. denied, 565 U.S. 1080 (2011) ...................... 4, 5, 17, 22

*Madruga* v. *Superior Court*, 346 U.S. 556 (1954) ............. 21

*Marx* v. *General Revenue Corp.*,
   133 S. Ct. 1166 (2013) ......................................................... 12

*Merrill Lynch, Pierce, Fenner & Smith Inc.* v.
   *Dabit*, 547 U.S. 71 (2006)................................................... 2, 5

*Merrill Lynch, Pierce, Fenner & Smith Inc.* v.
   *Manning*, 136 S. Ct. 1562 (2016).................................. 10, 11

*Michigan Cent. R.R.* v. *Mix*, 278 U.S. 492 (1929) ............. 21

*Plymouth Cnty. Ret. Sys.* v. *Model N, Inc.*,
   No. 14-cv-4516, 2015 WL 65110 (N.D. Cal. 2015) ........... 17

*Rescue Army* v. *Municipal Court*,
   331 U.S. 549 (1947)............................................................. 20

*Rovner* v. *Vonage Holdings Corp.*,
   No. 07-178, 2007 WL 446658 (D.N.J. 2007)..................... 17

*Shaw* v. *Superior Court*, 393 P.3d 98 (Cal. 2017) .............. 22

*Westmoreland Cnty. Emp. Ret. Fund* v. *Inventure
   Foods Inc.*, No. cv-16-01410, 2016 WL 7654657
   (D. Ariz. 2016) ................................................................... 18

*Ylst* v. *Nunnemaker*, 501 U.S. 797 (1991) .......................... 22

Statutes and rules:

Private Securities Litigation Reform Act of 1995,
   Pub. L. No. 104-67, 109 Stat. 737 ........................................ 1

Securities Act of 1933, 15 U.S.C. 77a *et seq.* ......................... 2
     15 U.S.C. 77e................................................................ 10

V

Statutes and rules—Continued:                                    Page

15 U.S.C. 77k ................................................................ 4
15 U.S.C. 77l(a)(1) ...................................................... 10
15 U.S.C. 77l(a)(2) ........................................................ 4
15 U.S.C. 77o ................................................................ 4
15 U.S.C. 77p.............................................5, 7, 8, 9, 11, 12
15 U.S.C. 77p(b)....................................................... *passim*
15 U.S.C. 77p(b)(1) .......................................... 9, 10, 15, 16
15 U.S.C. 77p(b)(2) .......................................... 9, 10, 15, 16
15 U.S.C. 77p(c) ....................................3, 6, 13 ,14, 15, 16
15 U.S.C. 77p(d)............................................................. 2
15 U.S.C. 77p(f) ........................................................ 8, 9
15 U.S.C. 77p(f)(2) ........................................................ 3
15 U.S.C. 77p(f)(3) ..................................................... 3, 9
15 U.S.C. 77r(b) ........................................................ 3, 9
15 U.S.C. 77v(a) (1994) .............................................. 13
15 U.S.C. 77v(a) ..................................................... *passim*
15 U.S.C. 77z-1 ............................................................ 1

Securities Litigation Uniform Standards Act of 1998,
    Pub. L. No. 105-353, 112 Stat. 3227:

    § 2(2), 112 Stat. 3227 ............................................. 2
    § 2(3), 112 Stat. 3227 ............................................. 2
    § 2(5), 112 Stat. 3227 ............................................. 2
    § 101(a)(3), 112 Stat. 3230 ...................................... 4
15 U.S.C. 78aa(a) ....................................................... 10
28 U.S.C. 1257 ..................................................... 19, 20
28 U.S.C. 1447(d) ............................................. 15, 18, 19
Sup. Ct. R.:
    Rule 10................................................................ 18
    Rule 10(c) ........................................................... 19
Cal. Ct. R. 8.500(b) ................................................... 20

VI

Miscellaneous:                                    Page

   H.R. Conf. Rep. No. 369, 104th Cong., 1st Sess.
     (1995) ..................................................................................... 1

   Stephen M. Shapiro et al., *Supreme Court Practice*
     (10th ed. 2013) .................................................................. 21

   8 B.E. Witkin, *California Procedure* (5th ed. 2008) .......... 20

# In the Supreme Court of the United States

——————

No. 15-1439

CYAN, INC., ET AL., PETITIONERS

*v.*

BEAVER COUNTY EMPLOYEES RETIREMENT FUND, ET AL.

——————

*ON PETITION FOR A WRIT OF CERTIORARI
TO THE COURT OF APPEAL OF THE STATE OF CALIFORNIA,
FIRST APPELLATE DISTRICT*

——————

**BRIEF FOR THE UNITED STATES AS AMICUS CURIAE**

——————

### INTEREST OF THE UNITED STATES

This brief is submitted in response to the Court's order inviting the Acting Solicitor General to express the views of the United States. In the view of the United States, the petition for a writ of certiorari should be granted.

### STATEMENT

1. In 1995, prompted by concern that the salutary purposes of private securities litigation were being "undermined by * * * abusive and meritless suits," H.R. Conf. Rep. No. 369, 104th Cong., 1st Sess. 31 (1995), Congress enacted the Private Securities Litigation Reform Act (PSLRA), Pub. L. No. 104-67, 109 Stat. 737. The PSLRA established various reforms, including heightened pleading standards and an automatic stay of discovery, that apply to certain private securities-fraud actions. See, *e.g.*, 15 U.S.C. 77z-1.

(1)

2

After the PSLRA was enacted, however, Congress observed that "a number of securities class action lawsuits have shifted from Federal to State courts," which "has prevented that Act from fully achieving its objectives." Securities Litigation Uniform Standards Act of 1998 (SLUSA), Pub. L. No. 105-353, § 2(2) and (3), 112 Stat. 3227. Congress therefore enacted SLUSA to "prevent certain State private securities class action lawsuits alleging fraud from being used to frustrate the objectives of the [PSLRA]." Congress sought to accomplish that goal by creating "national standards for securities class action lawsuits involving nationally traded securities, while preserving the appropriate enforcement powers of State securities regulators." SLUSA § 2(5), 112 Stat. 3227; see *Merrill Lynch, Pierce, Fenner & Smith Inc.* v. *Dabit*, 547 U.S. 71, 82 (2006).

As relevant here, Congress amended the Securities Act of 1933 (1933 Act), 15 U.S.C. 77a *et seq.*, and other provisions of the securities laws in three respects. First, Congress prevented private plaintiffs from repleading certain federal securities-fraud class actions under state law. Section 77p(b) of Title 15 provides that "[n]o covered class action based upon the statutory or common law of any State or subdivision thereof may be maintained in any State or Federal court by any private party alleging" either "(1) an untrue statement or omission of a material fact in connection with the purchase or sale of a covered security" or "(2) that the defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security." 15 U.S.C. 77p(b); see 15 U.S.C. 77p(d) (Section 77p(b) inapplicable in certain circumstances).

3

Section 77p(f)(2) defines the term "covered class action" to include certain suits in which damages are sought on behalf of more than 50 people. 15 U.S.C. 77p(f)(2). The term "covered security" is defined to include a security listed on a regulated U.S. national exchange. See 15 U.S.C. 77p(f)(3) (cross-referencing 15 U.S.C. 77r(b)). Taken together, those provisions prevent any court, state or federal, from hearing securities class actions brought under state law for false statements, omissions, or deceptive conduct in connection with a covered security.

Second, Congress recognized that plaintiffs might attempt to bring such actions in state court, and it was apparently concerned that state courts would not adequately enforce Section 77p(b)'s limitation. SLUSA therefore amended the 1933 Act to permit removal of such actions to federal court. Under Section 77p(c), "[a]ny covered class action brought in any State court involving a covered security, as set forth in subsection (b), shall be removable to the Federal district court for the district in which the action is pending, and shall be subject to subsection (b)." 15 U.S.C. 77p(c). SLUSA also amended language governing removal in the 1933 Act's general jurisdictional provision, 15 U.S.C. 77v(a). That provision formerly barred removal of cases arising under the 1933 Act, but SLUSA carved out an exception for removal of covered class actions pursuant to Section 77p(c) by adding the language italicized below. See 15 U.S.C. 77v(a) ("*Except as provided in section 77p(c) of this title*, no case arising under this subchapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States.") (emphasis added).

4

Third, Congress amended the language in Section 77v(a) that provides for concurrent federal- and state-court jurisdiction over suits to enforce the 1933 Act. As amended by SLUSA, Section 77v(a) provides that "[t]he district courts of the United States and the United States courts of any Territory shall have jurisdiction of offenses and violations under this subchapter * * * and, concurrent with State and Territorial courts, *except as provided in section 77p of this title with respect to covered class actions*, of all suits in equity and actions at law brought to enforce any liability or duty created by this subchapter." 15 U.S.C. 77v(a) (emphasis added); see SLUSA § 101(a)(3), 112 Stat. 3230 (SLUSA amendment adding italicized language).

2. a. In 2014, respondents brought a class-action suit against petitioners in California superior court.[1] The complaint alleges violations of provisions of the 1933 Act that govern disclosures made in registration statements and prospectuses. See Pet. 9 (citing 15 U.S.C. 77k, 77l(a)(2), and 77o); see generally *Gustafson* v. *Alloyd Co.*, 513 U.S. 561, 570-571 (1995). The complaint does not allege any state-law claims. See Pet. 9.

Petitioners moved for judgment on the pleadings for lack of subject-matter jurisdiction. On October 23, 2015, the superior court denied the motion. See Pet. App. 1a-6a. The court explained that its "hands [were] tied by" the decision in *Luther* v. *Countrywide Financial Corp.*, 125 Cal. Rptr. 3d 716 (Ct. App.), cert. denied, 565 U.S. 1080 (2011). Pet. App. 5a; see *id.* at 6a.

In *Luther*, the California Court of Appeal (Second District) held that concurrent jurisdiction of a covered

---

[1] The parties appear to agree that the suit is a "covered class action," and that the securities in question are "covered securities," within the meaning of SLUSA. See Pet. 9.

5

class action alleging only claims under the 1933 Act "survived the amendments" that SLUSA had made to that statute. *Luther*, 125 Cal. Rptr. 3d at 721. The defendant in *Luther* argued that 15 U.S.C. 77v(a), which establishes concurrent jurisdiction in state and federal courts "except as provided in section 77p of this title with respect to covered class actions," *ibid.*, should be read to refer to "the definition of covered class action in section 77p(f)(2)" and thus to "create[] an exception to concurrent jurisdiction for *all* covered class actions." 125 Cal. Rptr. 3d at 719. The court rejected that argument, explaining that "Section 77v does not say 'except as provided in section 77p(f)(2),' the definition of covered class action. Instead, it refers to all of section 77p, not just the definitional provision." *Id.* at 721; see *id.* at 721-722.

The California Court of Appeal in *Luther* stated that it would "look to all of section 77p[] and see what it provides 'with respect to covered class actions,'" and that Section 77p does not "provide[]" anything that is relevant to a covered class action alleging only federal-law claims. 125 Cal. Rptr. 3d at 720; see *id.* at 718 (stating that "[t]his case, which is not based on the statutory or common law of any state, is not precluded" under Section 77p(b)). The court acknowledged that SLUSA "was enacted to stem the shift from federal to state courts and to 'prevent certain State private securities class action lawsuits alleging fraud from being used to frustrate the objectives of' the [PSLRA]." *Id.* at 722 (quoting *Dabit*, 547 U.S. at 81-82). It reasoned, however, that "an intent to prevent *certain* class actions does not tell us that this class action, or all securities class actions[,] must be brought in federal court." *Ibid.*

6

b. On December 2, 2015, petitioners filed a petition for a writ of mandate, prohibition, or other relief in the California Court of Appeal (First District).  See Pet. 10.  The court denied the petition without an opinion.  See Pet. App. 15a.

On December 18, 2015, petitioners filed a petition for review in the Supreme Court of California.  See Pet. 10.  That petition, too, was denied without opinion.  See Pet. App. 16a.

## DISCUSSION

This case presents a difficult interpretive issue that has generated confusion in lower courts.  Although the California trial court correctly held that SLUSA did not divest it of jurisdiction over respondents' 1933 Act suit, this Court's review is warranted to ensure that the statute is applied uniformly throughout the nation.  In resolving the jurisdictional question presented in the petition, the Court can consider the relationship between the jurisdictional provisions in Sections 77p(b) and 77v(a) and the removal provision in Section 77p(c), which authorizes removal of certain covered class actions from state to federal court.  Properly construed, Section 77p(c) authorizes removal of 1933 Act suits like this one, and it provides appropriate protection against the use of state-court lawsuits to circumvent the PSLRA's substantive and procedural safeguards.

### A.  Sections 77p(b) And 77v(a) Allow State-Court Jurisdiction Over 1933 Act Suits

1. The provision directly at issue in this case, 15 U.S.C. 77v(a), defines the jurisdiction of federal and state courts over 1933 Act claims.  Section 77v(a) states that "[t]he district courts of the United States

7

\* \* \* shall have jurisdiction of offenses and violations under this subchapter \* \* \* and, concurrent with State and Territorial courts, *except as provided in section 77p of this title with respect to covered class actions*, of all suits in equity and actions at law brought to enforce any liability or duty created by this subchapter." *Ibid.* (emphasis added). The parties dispute the meaning of the italicized language, which this brief refers to as the "except" clause.

That "except" clause is most naturally read as a limitation on the preceding phrase dealing with the concurrent jurisdiction of state courts. In other words, federal courts "shall have jurisdiction \* \* \* of all suits in equity and actions at law brought to enforce" obligations created by the 1933 Act, and the federal jurisdiction in question shall be "concurrent with" state courts, "except as provided in section 77p \* \* \* with respect to covered class actions." 15 U.S.C. 77v(a). Read in that way, one would expect Section 77p to limit in some way state-court jurisdiction over covered class actions brought under the 1933 Act.

The operative provision of Section 77p, however, contains no such limitation. Section 77p(b) provides that certain covered class actions "based upon the statutory or common law of any *State* or subdivision thereof" may not be maintained "in any State *or* Federal court." 15 U.S.C. 77p(b) (emphasis added). By its terms, that provision addresses only certain class actions brought under state law, and it has no meaningful application to the 1933 Act suits that are referenced in Section 77v(a). Moreover, Section 77p(b) precludes both state and federal courts from hearing the specified state-law class actions. Section 77p(b) therefore does not limit the concurrent state-court

8

jurisdiction over 1933 Act claims that Section 77v(a) generally provides. Nor does any other provision within Section 77p divest state courts of jurisdiction over any category of 1933 Act claims.

2. a. In the face of that ambiguity, the parties offer competing explanations for Section 77v(a)'s "except" clause. According to petitioners (Pet. 30), the "except" clause's cross-reference to Section 77p refers to the *definition* of "covered class action" set forth in Section 77p(f). That provision defines a covered class action as a suit in which more than 50 people seek damages and common questions predominate—it does not look to whether the action is brought under federal or state law. Under petitioners' approach, the "except" clause divests state courts of jurisdiction over "all suits in equity and actions at law brought to enforce" the 1933 Act that fall within Section 77p(f)'s definition of "covered class action." 15 U.S.C. 77v(a). Petitioners' approach has one virtue: it preserves the "except" clause as a limit on the concurrent jurisdiction of state courts.

But it does so by ignoring the statutory text. According to petitioners, Section 77v(a)'s "except" clause is an exception to the general rule that federal and state courts have concurrent jurisdiction "of all suits in equity and actions at law brought to enforce any liability or duty created by" the 1933 Act. 15 U.S.C. 77v(a). But neither Section 77p(f)'s definition of "covered class action," nor any other provision within Section 77p, can colorably be read to divest the California courts of jurisdiction over respondents' 1933 Act claims. Petitioners identify nothing in Section 77p that even arguably "provide[s]" an exception to the general rule of concurrent jurisdiction. In arguing

9

that Section 77v(a)'s "except" clause imposes limits on state-court jurisdiction that are not "provided in" Section 77p itself, petitioners urge a reading of the clause that its language will not bear.

Petitioners' reading of the "except" clause would also entail practical consequences that seem inconsistent with SLUSA's overall structure and purposes. The state-law claims that are barred by Section 77p(b) all involve allegations of specified misconduct "in connection with the purchase or sale of a covered security." 15 U.S.C. 77p(b)(1) and (2); see 15 U.S.C. 77p(f)(3) (defining the term "covered security" through cross-reference to 15 U.S.C. 77r(b), which refers generally to securities that are listed on regulated national exchanges). Section 77p(f)'s definition of "covered class action," however, does not limit that term to suits involving covered securities. Under petitioners' approach, the "except" clause would divest state courts of jurisdiction over *all* "covered class actions" that are brought under the 1933 Act, including those that do *not* involve covered securities. There is no evident reason that Congress would have wished SLUSA's divestiture of state-court jurisdiction to sweep more broadly with respect to 1933 Act suits than with respect to state-law claims.

In another respect as well, petitioners' reading would cause the "except" clause to encompass a range of federal suits that is broader than the range of state-law actions that Section 77p(b) itself precludes. Section 77p(b) bars federal and state courts from adjudicating state-law covered class actions that allege "an untrue statement or omission of a material fact in connection with the purchase or sale of a covered security," or allege "that the defendant used or em-

10

ployed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security." 15 U.S.C. 77p(b)(1) and (2). SLUSA's definition of "covered class action," however, is not limited to suits that allege those forms of wrongdoing. Petitioners' approach thus would bar state courts from adjudicating covered class actions under the 1933 Act even in circumstances where comparable state-law class actions could go forward. See 15 U.S.C. 77e, 77*l*(a)(1) (provisions of 1933 Act permitting a purchaser to sue a seller for offering or selling an unregistered security that is required to be registered).

b. For their part, respondents do not clearly articulate (Br. in Opp. 16-17) what the "except" clause is meant to accomplish or why it appears in Section 77v(a). Respondents argue that the "except" clause "addresses only" the state-law actions that are barred by Section 77p(b). *Id.* at 17. But the "except" clause applies to suits "brought to enforce any liability or duty created by this subchapter," *i.e.*, created by the 1933 Act. 15 U.S.C. 77v(a). The clause thus applies exclusively or at least almost exclusively to *federal-law* actions. Respondents do not explain why Congress would have used the language it did if it had in mind the actions "based upon the statutory or common law of any State or subdivision thereof" that Section 77p(b) addresses. 15 U.S.C. 77p(b).[2]

---

[2] This Court recently recognized, in construing a similarly worded securities-law provision, that the phrase "brought to enforce any liability or duty created by" federal law can encompass a limited set of state-law claims. 15 U.S.C. 77v(a); see *Merrill Lynch, Pierce, Fenner & Smith Inc.* v. *Manning*, 136 S. Ct. 1562 (2016) (discussing 15 U.S.C. 78aa(a)). That will be so when state law creates the cause of action but proof of a federal-law violation

11

c. Although neither petitioners nor respondents have offered a persuasive explanation of Congress's reason for enacting the "except" clause, respondents have the better of the interpretive dispute.  Respondents' inability to explain *why* Congress enacted the "except" clause is a less significant failing than is petitioners' inability to reconcile its interpretation with the statute's text.  Under Section 77v(a), federal and state courts may exercise concurrent jurisdiction over 1933 Act claims "except as provided in section 77p  * * * with respect to covered class actions."  15 U.S.C. 77v(a).  Petitioners identify nothing in Section 77p that even arguably "provide[s]" an exception to the general rule of concurrent jurisdiction and thereby divests the California courts of power to adjudicate respondents' current claims.  As a textual matter, that analysis provides a fully sufficient basis for the state trial court's exercise of jurisdiction here, despite the uncertainty as to what problem Congress was seeking to address when it enacted the "except" clause.

There are, however, at least two possible explanations for why Congress enacted the "except" clause.  First, Congress may have been concerned about hy-

_____

is a necessary element of the plaintiff's state-law claim.  *Id.* at 1569; see *id.* at 1570 (referring to hypothetical case "in which a state-law cause of action is 'brought to enforce' a duty created by the Exchange Act because the claim's very success depends on giving effect to a federal requirement").  A state-law covered class action asserting claims of that nature could be encompassed both by Section 77v(a)'s "except" clause (if the success of the state-law claim depended on proof of a 1933 Act violation) and by Section 77p(b)'s preclusion rule.  Respondents do not suggest, however, and there is no evident reason to suppose, that Congress designed the "except" clause for that "special and small category."  *Id.* at 1569 (quoting *Gunn* v. *Minton*, 133 S. Ct. 1059, 1064 (2013)).

12

brid class actions that contain both 1933 Act claims and state-law claims within the scope of Section 77p(b)— *i.e.*, claims under state law for false statements, omissions, or deceptive conduct in connection with a covered security. Because Section 77v(a) grants concurrent jurisdiction over "all *suits* in equity and *actions* at law" brought to enforce the 1933 Act, 15 U.S.C. 77v(a) (emphasis added), plaintiffs could have attempted to argue that Section 77v(a) provides state courts with jurisdiction over hybrid class actions in their entirety. The "except" clause makes clear that, although state courts retain concurrent jurisdiction over the 1933 Act claims, state courts may not entertain any state-law claims barred by Section 77p(b).

Second, Congress may have added the "except" clause to Section 77v(a) in a more general excess of caution, as a way of ensuring that nothing in the 1933 Act's general jurisdictional provision would be taken to supersede SLUSA's limits on state-court jurisdiction. Cf., *e.g.*, *Marx* v. *General Revenue Corp.*, 133 S. Ct. 1166, 1176 (2013) (explaining that language may be included in a statute to "remov[e] any doubt," and citing cases to that effect). That is particularly likely in the context of SLUSA, which was enacted to block "bypass of" the PSLRA. *Kircher* v. *Putnam Funds Trust*, 547 U.S. 633, 636 (2006). And Congress could reasonably take that step even if did not have in mind any particular circumstance in which Sections 77p and 77v(a) would produce conflicting results. In any event, uncertainty as to Congress's reasons for enacting the "except" clause provides no sound basis for giving the clause a reading broader than its text will support.

13

**B. Section 77p(c) Authorizes Removal To Federal Court Of Covered Class Actions That Are Brought Under The 1933 Act And Allege The Types Of Misconduct That Are Described In Section 77p(b)**

Petitioners contend (*e.g.*, Pet. 25, 27) that, unless Section 77v(a)'s "except" clause is read to divest state courts of jurisdiction over 1933 Act suits like these, SLUSA cannot achieve its purpose of preventing circumvention of the PSLRA's substantive and procedural requirements. Petitioners are correct that the efficacy of those requirements depends on defendants' access to a federal forum. Petitioners are wrong, however, in assuming that the "except" clause provides the *only* statutory mechanism for ensuring such access in 1933 Act suits. In particular, petitioners ignore the fact that SLUSA also established an exception to what had previously been a categorical bar on removal to federal court of 1933 Act suits filed in state court. If SLUSA is properly construed to authorize removal of state-court suits like this one, Congress's policy judgments can be vindicated without adopting petitioners' atextual reading of the "except" clause.

1. Before SLUSA was enacted, Section 77v(a) categorically barred removal of any "case arising under [the 1933 Act] and brought in any State court of competent jurisdiction." 15 U.S.C. 77v(a) (1994). As amended by SLUSA, however, that removal bar now applies "[e]xcept as provided in Section 77p(c) of this title." 15 U.S.C. 77v(a). Section 77p(c), which was also added by SLUSA, in turn provides that "[a]ny covered class action brought in any State court involving a covered security, as set forth in subsection (b), shall be removable to the Federal district court for the

14

district in which the action is pending, and shall be subject to subsection (b)." 15 U.S.C. 77p(c).

Section 77p(c) is best understood to permit removal of "any covered class action brought in any State court involving a covered security" and alleging the type of misconduct that is described in Section 77p(b)—*i.e.*, "(1) an untrue statement or omission of a material fact in connection with the purchase or sale of a covered security" or "(2) that the defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security." 15 U.S.C. 77p(b) and (c). With respect to the state-law suits that are precluded altogether by Section 77p(b), Congress authorized removal under Section 77p(c) in order to ensure that the preclusion determination could be made by a federal court if the defendant so requested. Because Congress was unwilling to leave those preclusion determinations to state courts alone, it would not likely have denied defendants access to a federal forum for adjudication of the merits of analogous 1933 Act claims.

In many covered class actions asserting 1933 Act claims, including in this suit, removal under Section 77p(c) would give defendants substantially the same protection against state-court circumvention of the PSLRA's requirements that petitioners' interpretation of the "except" clause in Section 77v(a) would provide. The most significant practical difference between the two approaches is that petitioners construe the "except" clause to bar state-court adjudication of *all* covered class actions brought to enforce the 1933 Act. Section 77p(c), by contrast, does not authorize removal of covered class actions that do not involve covered securities, or that allege a type of misconduct

15

other than the types described in Section 77p(b)(1) and (2).  Cf. pp. 9-10, *supra*.  Allowing plaintiffs to litigate such 1933 Act claims in state court, however, is consistent with the congressional policy judgments reflected in SLUSA, because SLUSA does not disturb state courts' authority to adjudicate *state*-law claims having those characteristics.[3]

2. The Court's decision in *Kircher*, *supra*, does not foreclose this interpretation of Section 77p(c).  In *Kircher*, the Court held that "an order remanding a case removed under" SLUSA is not appealable under 28 U.S.C. 1447(d), which "bars review of district court orders remanding for lack of subject-matter jurisdiction."  547 U.S. at 636, 638; see *id.* at 637.  In the course of its analysis, the Court stated that removal under Section 77p(c) is "confined to cases 'set forth in subsection (b),' namely, those with claims of untruth, manipulation, and so on."  *Id.* at 642 (internal citation omitted); see *ibid.* (the "set forth in subsection (b)"

---

[3]  Because petitioners did not seek to remove this case to federal court, but instead asked the state court to dismiss on jurisdictional grounds, the question whether removal under Section 77p(c) would have been permissible is not squarely presented here.  In construing Section 77v(a)'s "except" clause, however, the Court could and should consider the structure and purposes of the overall statutory scheme.  In particular, the force of petitioners' concern about the potential for state-court circumvention of PSLRA requirements depends substantially on whether SLUSA provides alternative protections against such circumvention.  In resolving this case, the Court therefore could provide helpful guidance to lower courts about the scope of Section 77p(c)'s removal authorization.  Moreover, as explained below, if petitioners had sought removal, the district court's order might well have evaded appellate review, whether the court granted or denied the removal request.  See p. 18, *infra*.  The fact that petitioners did not seek removal therefore should not be deemed an obstacle to this Court's review.

16

language "has no apparent function unless it limits removal to covered class actions involving claims like untruth or deception"). Those descriptions of Section 77p(c)'s coverage encompass 1933 Act claims that allege the types of misconduct described in Section 77p(b)(1) and (2).

On the next page of its opinion, however, the Court stated that "removal and jurisdiction to deal with removed cases is limited to those precluded by the terms of subsection (b)." *Kircher*, 547 U.S. at 643; see *id.* at 643-644 (stating that "removal jurisdiction under subsection (c)" should be "understood to be restricted to precluded actions defined by subsection (b)"). Because Section 77p(b) bars adjudication only of claims "based upon the statutory or common law of any State or subdivision thereof," 15 U.S.C. 77p(b), some courts have read *Kircher*'s reference to "precluded" actions to mean that removal under Section 77p(c) is limited to actions that allege state-law claims. See, *e.g.*, *Electrical Workers Local #357* v. *Clovis Oncology, Inc.*, 185 F. Supp. 3d 1172, 1176, 1179-1180 (N.D. Cal. 2016).

Because *Kircher* involved only state-law claims, see 547 U.S. at 637, the difference between those two articulations of the removal standard had no practical significance in that case. Section 77p(c) can reasonably be construed, however, to encompass both state- and federal-law covered class actions that allege the kinds of misconduct described in Section 77p(b)(1) and (2), even though a federal-law suit of that character would not be precluded by Section 77p(b). That construction, which ensures that defendants in such 1933 Act suits will receive the PSLRA's protections, is more faithful to SLUSA's overall structure and pur-

17

poses than is an interpretation that limits removal to state-law claims. *Kircher* should not be read to foreclose its adoption.

### C. This Is An Appropriate Vehicle For Resolving Confusion In The Lower Courts

1. This Court's review is warranted in light of the substantial confusion in the lower courts about whether state courts have jurisdiction over covered class actions that allege only 1933 Act claims. As the petition explains (Pet. 11-13 & Pet. App. 25a-28a), some federal district courts, including a number of courts in New York, have ruled that Section 77v(a)'s "except" clause divests state courts of jurisdiction over covered class actions brought to enforce the 1933 Act.[4] Other district courts, including a number of courts in California, have reached the opposite conclusion.[5]

Contrary to respondent's suggestion (Br. in Opp. 12-14), the confusion in the lower courts has not dissipated in recent years. Compare, *e.g.*, *Iron Workers Dist. Council of New England Pension Fund* v.

---

[4] See, *e.g.*, *Hung* v. *iDreamSky Tech. Ltd.*, No. 15-cv-2514, 2016 WL 299034, at *2-*4 (S.D.N.Y. 2016) ("construction of § 77v(a) has split federal district courts"); *Knox* v. *Agria Corp.*, 613 F. Supp. 2d 419, 424-425 (S.D.N.Y. 2009); see also *Rovner* v. *Vonage Holdings Corp.*, No. 07-cv-178, 2007 WL 446658, at *2-*4 (D.N.J. 2007) ("a split exists among the districts"); Pet. 12 n.12 (noting disagreement within certain districts).

[5] See, *e.g.*, *Electrical Workers Local #357*, 185 F. Supp. 3d at 1178-1184; *Plymouth Cnty. Ret. Sys.* v. *Model N, Inc.*, No. 14-cv-4516, 2015 WL 65110, at *2-*3 (N.D. Cal. 2015) (collecting cases from California district courts); see also *Fortunato* v. *Akebia Therapeutics, Inc.*, 183 F. Supp. 3d 326, 332 (D. Mass. 2016) (discussing "split in the case law"); *Luther* v. *Countrywide Fin. Corp.*, 125 Cal. Rptr. 3d 716, 718-720 (Ct. App.), cert. denied, 565 U.S. 1080 (2011); Pet. 12 n.12.

18

*MoneyGram Int'l, Inc.*, No. 15-cv-402, 2016 WL 4585975, at *5-*7 (D. Del. 2016) (denying motion to remand on the ground that state courts lack jurisdiction over "*all* covered class actions, as they are defined in * * * 15 U.S.C. § 77p(f)," and noting conflict among district-court decisions), with *Westmoreland Cnty. Emp. Ret. Fund* v. *Inventure Foods Inc.*, No. CV-16-01410, 2016 WL 7654657, at *3 (D. Ariz. 2016) (granting motion to remand and ruling that "the Securities Act [of 1933], as amended by the SLUSA, does not mandate that Securities Act lawsuits be tried exclusively in federal court"). Parties to covered class actions brought to enforce the 1933 Act thus continue to be subject to different jurisdictional rules in different courts and different parts of the country.

2. It is true that no conflict exists among federal courts of appeals or state courts of last resort. See Sup. Ct. R. 10. But as petitioners explain, there are significant obstacles to appellate resolution of the question presented in this case. If a district court remands a case to state court on the ground that the state court has jurisdiction over the case, that order is generally unreviewable. See 28 U.S.C. 1447(d). And if a district court refuses to remand a 1933 Act covered class action on the ground that the state court lacks jurisdiction over the case, that order is non-final and generally not subject to review until after final judgment—and securities cases virtually always settle before entry of such a judgment. See Pet. 14.[6]

---

[6] We are aware of one case pending in a federal court of appeals that raises the question whether Section 77v(a) eliminated state courts' concurrent jurisdiction over covered class actions raising only 1933 Act claims. See *Ellis* v. *Natera, Inc., et al.*, No. 16-16576 (9th Cir. docketed Mar. 29, 2016) (consolidated with Nos. 16-16577,

19

Given the frequency with which this issue arises, the ongoing confusion in the lower courts, and the obstacles to appellate resolution of the question presented, review by this Court is warranted despite the absence of a conflict among federal courts of appeals or state courts of last resort. That rare combination of circumstances justifies the conclusion that this case presents "an important question of federal law that has not been, but should be, settled by this Court." Sup. Ct. R. 10(c).

3. Respondents contend (Br. in Opp. 6-8) that this Court lacks jurisdiction because there is no final state-court judgment. See 28 U.S.C. 1257. Although the matter is not free from doubt, the better view is that jurisdiction is proper here. Moreover, as explained above, see p. 18, *supra*, the Court is unlikely to be presented with a case raising the question that does not also involve a potential objection to jurisdiction.

---

16-16578, and 16-16579); see also C.A. Doc. 16, at 5-7, *Ellis*, *supra* (No. 16-16576). In that case, which involves a remand order, the court of appeals considered a motion to dismiss the appeal for lack of jurisdiction in light of 28 U.S.C. 1447(d), which generally bars appeal of such orders. See C.A. Doc. 6, at 6, *Ellis*, *supra* (No. 16-16579); see also, *e.g.*, C.A. Doc. 2, at 1-2, *Ellis*, *supra* (No. 16-16576) (ordering appellants to show cause why appeal should not be dismissed). The court denied the motion without discussion. See C.A. Doc. 10, at 2-3, *Ellis*, *supra* (No. 16-16576); see also *ibid.* (discharging orders to show cause). Briefing in the case is still underway, and appellants' opening brief includes an argument that appellate review of the remand order is proper. See C.A. Doc. 16, at 34, 44 (arguing that the "remand orders were final and appealable" because district court remanded a case over which federal courts have exclusive jurisdiction) (capitalization altered); see also *id.* at 5, 36, 46; C.A. Doc. 22, at 2-3, *Ellis*, *supra* (No. 16-16576) (answering brief due by June 23, 2017).

20

In the California trial court, petitioners moved for judgment on the pleadings, contending that the court lacked jurisdiction to hear the case under Section 77v(a). See Pet. App. 1a-6a. The trial court denied that motion. See *ibid.* Petitioners then petitioned the California Court of Appeal for a "writ of mandate and/or prohibition or other relief," naming the trial court as respondent and arguing that the trial court lacked jurisdiction under SLUSA. Pet. for Writ of Mandate and/or Prohibition or Other Relief (Dec. 2, 2015); see Pet. App. 15a. Under California law, that petition initiated an original proceeding on the topic of the trial court's jurisdiction. See, *e.g.*, 8 B.E. Witkin, *California Procedure* § 164 (5th ed. 2008). The California Court of Appeal subsequently denied the petition, and the Supreme Court of California denied discretionary review of that decision. See Pet. App. 15a-16a; Cal. R. Ct. 8.500(b). The original proceeding initiated by the petition therefore has now been finally terminated.

This Court has held that those circumstances sufficiently establish finality for purposes of 28 U.S.C. 1257. In *Bandini Petroleum Co.* v. *Superior Court*, 284 U.S. 8 (1931), the Court considered the finality question in a case in which a "proceeding for a writ of prohibition" was initiated in a California District Court of Appeal to determine the jurisdiction of a state Superior Court, the Court of Appeal denied the writ, and the California Supreme Court denied further review. *Id.* at 12-14. This Court ruled that "[t]he proceeding for a writ of prohibition is a distinct suit, and the judgment finally disposing of it is a final judgment within the meaning of § 237(a) of the Judicial Code." *Id.* at 14; see, *e.g.*, *Rescue Army* v. *Munic-*

21

*ipal Court*, 331 U.S. 549, 565-568 (1947) (reaching same result with respect to California "prohibition proceeding" in a criminal case); *Madruga* v. *Superior Court*, 346 U.S. 556, 557 n.1 (1954); *Fisher* v. *District Court*, 424 U.S. 382, 385 n.7 (1976) (per curiam) (collecting cases); Stephen M. Shapiro et al., *Supreme Court Practice* § 3.8, at 171-172 (10th ed. 2013) (collecting cases).

That leaves only the question whether the California Court of Appeal rejected the petition in this case on a federal ground or on an independent and adequate state ground.  See generally *Herb* v. *Pitcairn*, 324 U.S. 117, 125-126 (1945).  Some uncertainty exists on that question, because the decision of that court does not set forth any reasoning.  It simply states that "[t]he petition for writ of mandate, prohibition or other relief is denied."  Pet. App. 15a.

This Court has previously exercised jurisdiction over a case in which a writ of prohibition was denied without opinion.  See *Michigan Cent. R.R.* v. *Mix*, 278 U.S. 492, 494 (1929) (stating that judgment denying the writ was "final within the meaning of § 237(a) of the Judicial Code").  Here, the arguments made to the California Court of Appeal (as well as to the California Supreme Court) centered on the federal issue.  See generally *Foster* v. *Chatman*, 136 S. Ct. 1737, 1746 n.3 (2016) (explaining that the Court may "turn to other parts of the record" if "the state court opinion fails to yield precise answers as to the grounds of decision") (quoting Shapiro § 3.23, at 211).  And in acting on the petition, the Court of Appeal presumably looked to the decision of its fellow intermediate appellate court (on which the trial court here entirely relied, see Pet. App. 1a-6a), which had previously held that state

22

courts continue after SLUSA to have concurrent jurisdiction over covered class actions that raise only federal securities-law claims, see *Luther*, 125 Cal. Rptr. 3d at 720-721.  Cf. *Ylst* v. *Nunnemaker*, 501 U.S. 797, 804 (1991) (stating, in habeas context, that a court attempting to determine whether an "unexplained order[]" rests on federal or state grounds should "look[] through" to "the last reasoned decision"); see, *e.g.*, *Shaw* v. *Superior Court*, 393 P.3d 98, 102-103 (Cal. 2017) (explaining that, in California, "lack of jurisdiction" is an appropriate ground for the grant of an extraordinary writ).  For those reasons, this case provides an appropriate vehicle to resolve the confusion over the question presented.

## CONCLUSION

The petition for a writ of certiorari should be granted.

Respectfully submitted.

JEFFREY B. WALL
    *Acting Solicitor General*
MALCOLM L. STEWART
    *Deputy Solicitor General*
ELAINE J. GOLDENBERG
    *Assistant to the Solicitor
    General*

MAY 2017

# EXHIBIT C



**FILED**

San Francisco County Superior Court

JUL 11 2017

CLERK OF THE COURT
BY: _____
                        Deputy Clerk

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SAN FRANCISCO

|  |  |
|---|---|
| BEAVER COUNTY EMPLOYEES RETIREMENT FUND, et al., Individually and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiffs,<br><br>        v.<br><br>CYAN, INC., et al.,<br><br>                    Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) |

LEAD CASE NO.:  CGC-14-538355
(Consolidated with No. CGC-14-539008)

**ORDER ENTERING GENERAL STAY**

        I discussed the issue of a general stay with the parties at today's case management conference. Discovery (percipient and expert) deadlines have passed. The United States Supreme Court has granted certiorari and may determine this court does not have jurisdiction.

        Accordingly this case is stayed for all purposes, pending further order of the court. All future dates including those set for a hearing on summary judgement and trial are vacated. The parties are ordered to inform this court, in writing, of the determination of the United States Supreme Court.

Dated: July 11, 2017

_____
Curtis E.A. Karnow
Judge Of The Superior Court

-1-

## CERTIFICATE OF ELECTRONIC SERVICE
### (CCP 1010.6(6).& CRC 2.260(g))

I, DANIAL LEMIRE, a Deputy Clerk of the Superior Court of the County of San Francisco, certify that I am not a party to the within action.

On    IJUL 1 1 2017   , I electronically served THE ATTACHED DOCUMENT via File & ServeXpress on the recipients designated on the Transaction Receipt located on the File & ServeXpress website.

Dated:    UUL 1 1 2017

T. Michael Yuen, Clerk

By: _____
       DANIAL LEMIRE, Deputy Clerk